**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4190**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JESSE J. HAMILTON,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Mary G. Lewis, District Judge.
(8:12-cr-00703-MGL-4)

Submitted:  July 19, 2013        Decided:  August 2, 2013

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Margaret A. Chamberlain, CHAMBERLAIN LAW FIRM, Greenville, South
Carolina, for Appellant. William Jacob Watkins, Jr., OFFICE OF
THE UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse J. Hamilton appeals his conviction and sentence of twelve months and one day of imprisonment, imposed following his guilty plea to conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349 (2006). Hamilton's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for review but questioning whether the district court (1) fully complied with Fed. R. Crim. P. 11 in conducting Hamilton's plea colloquy, and (2) clearly erred in attributing to Hamilton a loss amount of more than $5000 but less than or equal to $10,000 when calculating his offense level under the Guidelines. Hamilton was advised of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. Finding no reversible error, we affirm.

Counsel first questions the sufficiency of the plea hearing conducted by the district court. Before accepting a plea, the trial court must conduct a colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that

2

the plea is voluntary, supported by an independent factual basis, and not the result of force, threats, or promises not contained in the plea agreement.  Fed. R. Crim. P. 11(b)(2), (3).

Because Hamilton did not seek to withdraw his plea in the district court or timely object to any alleged Rule 11 error, we review the plea colloquy for plain error.  United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009).  To establish plain error, Hamilton must show that (1) the district court erred, (2) the error was plain, and (3) the error affects his substantial rights.  United States v. Olano, 507 U.S. 725, 732 (1993).  In the guilty plea context, an error affects a defendant's substantial rights if he demonstrates a reasonable probability that he would not have pled guilty but for the error.  Massenburg, 564 F.3d at 343.  Even if these requirements are met, we will exercise our discretion to correct such error only if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Olano, 507 U.S. at 732 (internal quotation marks and alteration omitted).

Our review of the plea hearing reveals that the district court substantially complied with Rule 11 in conducting the plea colloquy and that any minor omissions by the court did not affect Hamilton's substantial rights.  The available record does not support Hamilton's assertion that he did not comprehend

3

the charge to which he pled.  Thus, we conclude the district court did not plainly err in finding Hamilton's plea knowing and voluntary.

Counsel next questions whether the district court erred in calculating the amount of loss attributed to Hamilton to establish his Guidelines range.  Typically, factual determinations made during sentencing are reviewed for clear error.  United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012).  However, because Hamilton did not object to the loss calculation in the district court, we review the issue for plain error.  Id.; see Olano, 507 U.S. at 732 (standard).

When calculating a Guidelines range applicable to a fraud offense, the government is required to establish the amount of loss by a preponderance of the evidence.  See United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003).  "[T]he court need only make a reasonable estimate of the loss."  United States v. Cloud, 680 F.3d 396, 409 (4th Cir.) (internal quotation marks omitted), cert. denied, 133 S. Ct. 218 (2012); USSG § 2B1.1 cmt. n.3(C).  Generally, "loss is the greater of actual loss or intended loss."  USSG § 2B1.1 cmt. n.3(A).

A defendant seeking to challenge the presentence report "has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are

4

untrue or inaccurate." United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). In the absence of objections "showing the information is inaccurate, the court is free to adopt the findings of the [presentence report] without more specific inquiry or explanation." Id. (internal quotation marks omitted); see Fed. R. Crim. P. 32(i)(3)(A) (recognizing that, at sentencing, district court "may accept any undisputed portion of the presentence report as a finding of fact").

Here, the court's loss calculation was based on a stipulation between the parties proffered during the sentencing hearing. Because Hamilton concurred in the Government's request for an amendment to the Guidelines range adopting this stipulation, any sentencing error based on the application of this loss amount is not properly before us. See United States v. Jackson, 124 F.3d 607, 617 (4th Cir. 1997) ("[A] court cannot be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request." (internal quotation marks omitted)). In any event, because Hamilton did not object to the loss calculations provided in the presentence report, the court was free to accept these calculations in imposing Hamilton's sentence. Given that these original loss calculations established a much higher Guidelines range than that derived from the parties' agreement, any error

in accepting the lower, agreed-upon calculation did not affect Hamilton's substantial rights.  See Cloud, 680 F.3d at 411.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform Hamilton, in writing, of the right to petition the Supreme Court of the United States for further review.  If Hamilton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Hamilton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED